OWCHAROFFSKY v. LAMBERT.

(Supreme Court, Appellate Term. May 27, 1912.)

1. BAILMENT (§ 18*)—LIEN OF BAILEE.

The fact that plaintiff had not paid for suits which a tailor made for him did not give the tailor a lien upon other suits which plaintiff delivered to him to be pressed.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–79, 81, 84; Dec. Dig. § 18.*]

---

*For other cases see same topic & § NUMBER in Dec. &·Am. Digs. 1907 to date, & Rep'r Indexes

2. BAILMENT (§ 18*)—LIEN OF BAILEE.
> A tailor, by delivering a suit to plaintiff, who wore it several weeks, surrendered his right to assert a lien for the price of the suit, and could not hold it for the price when it was afterwards delivered to him to press.
>
> [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–79, 81, 84; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Vasily Owcharoffsky against Max Lambert. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Elias Rosenthal, of New York City, for appellant.
Max Lambert, of New York City, pro se.

SEABURY, J. [1] The plaintiff sues to recover $50 as damages for the alleged conversion of three suits of clothes which he delivered to the defendant for pressing. The defendant refused to return the suits until the plaintiff paid him $17, alleged to be due him from the plaintiff for making one of the suits. The fact that the plaintiff had not paid for the suit which the defendant made for him gave the defendant no lien upon the other suits which the plaintiff delivered to the defendant to be pressed.

[2] As to the suit which the defendant made, the uncontradicted evidence shows that, after the defendant had completed his work upon it, he delivered it to the plaintiff, who used it for several weeks before he sent it to the defendant to be pressed. When the defendant parted with the suit, he surrendered any lien which he had the right to assert. The uncontradicted evidence shows that the plaintiff established a cause of action upon which he was entitled to recover.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.